UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOME HEALTHCARE WORKERS OF AMERICA, LOCAL 1770, INTERNATIONAL UNION OF JOURNEYMEN AND ALLIED TRADES,

Petitioner,

v.

AMERISTAR HOME CARE SERVICES, LLC,

Respondent.

**MEMORANDUM & ORDER**
26-CV-04520 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner, Home Healthcare Workers of America, Local 1770, International Union of Journeymen and Allied Trades, has filed a petition pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), to confirm an arbitration award issued against Respondent Ameristar Home Care Services, LLC. *See* ECF No. 1 (Petition; "Pet.").[1] Respondent has not moved to dismiss the Petition, despite the Court ordering it to do so. *See* August 14, 2026, Text Order; October 1, 2026, Text Order. The Court therefore treats the Petition as unopposed, and the Petition is GRANTED.

## BACKGROUND

Petitioner is a labor organization as defined by Section 2(5) of the LMRA. Pet. ¶ 3; 29 U.S.C. § 152(5). Respondent is, on Petitioner's information and belief, a New York corporation with its address in New York. Pet. ¶ 4. On March 3, 2023, Petitioner and Respondent executed

[1] Unless otherwise indicated, when quoting cases and the parties' papers, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

a recognition agreement, in which Respondent recognized Petitioner as "the sole and exclusive bargaining agent" for its employees. *Id.* ¶ 5; ECF No. 1-2 (Recognition Agreement). The parties then entered into a collective bargaining agreement on August 1, 2023, which set forth the parameters of the parties' relationship. Pet. ¶ 6; ECF No. 1-3 (Collective Bargaining Agreement; Exhibit C to Petition; "CBA").

Article Three of the CBA sets forth Respondent's duties to remit dues to Petitioner and submit reports to Petitioner, at least once per month, reflecting employees who engaged in work covered by the CBA. Pet. ¶¶ 7–8; CBA at 4. Article Eight of the CBA provides for mandatory arbitration of "[a]ll disputes, complaints, controversies, claims and grievances arising between [Respondent] and [Petitioner] (on behalf of any employee) with respect to, concerning or growing out of the interpretation, operation, application, performance, or claimed breach of any of the terms and conditions of [the CBA]." CBA at 6–7.

A dispute arose when Respondent failed to remit dues owed for covered employees or provide payroll reports to Petitioner for the period of January 2025 through December 2025. Pet. ¶¶ 10–11. Petitioner notified Respondent of the grievance "[a]t intervals during the year 2025," including a letter on August 1, 2025, and requested timely payments. *See* ECF No. 1-1 at 5 (Arbitration Award; Exhibit A to Petition). Unable to resolve the dispute, Petitioner submitted a demand for arbitration to J. J. Pierson, Esq. ("Arbitrator"), pursuant to the CBA. Pet. ¶ 12; ECF No. 1-4 (Arbitration Demand; Exhibit D to Petition). On December 19, 2025, the Arbitrator noticed the hearing, to be held via Zoom, for January 26, 2026, and sent an invite to Liya Yusupova, Respondent's President. Pet. ¶ 13; ECF No. 1-5 at 2 (Notice of Hearing; Exhibit E to Petition). A hearing was then held before the Arbitrator on January 26, 2026, where "evidence, proofs and documents [were] submitted by the parties," but where Respondent failed to appear.

Pet. ¶¶ 14–15; ECF No. 1-1 at 1. The following day, the Arbitrator issued a written award, finding that Respondent owed Petitioner $15,520.00 ("Award") and remained obligated to Petitioner for continuing to adhere to the terms and conditions of the CBA. Pet. ¶¶ 16–17; ECF No. 1-1 at 7. According to Petitioner, Respondent has not complied with the Award. Pet. ¶ 19.

Petitioner brought this action under Section 301 of the LMRA to confirm and enforce the Award on July 27, 2026. *See* Pet. Petitioner served Respondent on August 10, 2026. *See* ECF No. 8 (Executed Summons); ECF No. 9 (Executed Summons). On August 14, 2026, the Court directed Respondent to file its opposition or cross-motion on or before September 30, 2026. *See* August 14, 2026, Text Order. After Respondent failed to do so, the Court again directed Respondent to file its opposition, cross-motion, or letter on or before October 5, 2026, and warned that if Respondent failed to do so, the Court would treat the Petition as unopposed. *See* October 1, 2026, Text Order. To date, Respondent has made no filing or appearance.

## LEGAL STANDARD

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). This deference promotes the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long

and expensive litigation." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012).

"[R]eview of an arbitration award under the LMRA is . . . very limited." *Nat'l Football League Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Courts may not review an arbitrator's decision on the merits but may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). Where, as here, a petition to confirm is unopposed, the court treats "the petition and accompanying record . . . as akin to a motion for summary judgment," and the petition "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Gottdiener*, 462 F.3d at 109–10.

## DISCUSSION

The record indicates that the Arbitrator acted within the scope of his authority as defined by the CBA, and there is no evidence that the Award was procured through fraud or dishonesty. The record further reflects that the Arbitrator based the Award on undisputed evidence that Respondent failed to remit dues and remittance reports to Petitioner for the payroll periods of January 1, 2025, through December 31, 2025, in violation of the CBA. *See* ECF No. 1-1 at 5–7. Respondent did not appear at the arbitration. *See id.* at 2. Because there is no genuine dispute of material fact and Petitioner is entitled to confirmation as a matter of law, the Petition is granted and the Award is confirmed.

## CONCLUSION

For the reasons explained above, the Petition is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and against Respondent in the amount of the Award ($15,520.00) and to close this case. Post-judgment interest will accrue on the Award ($15,520.00) at the statutory rate pursuant to 28 U.S.C. § 1961 starting from January 27, 2026, the date of the Award. *See* ECF No. 1-1 at 7; *N.Y.C. Dist. Council of Carpenters v. Nguyen Custom Woodworking LLC*, No. 18-cv-3970, 2018 WL 5919520, at *2 (S.D.N.Y. Nov. 13, 2018) ("Awarding post-judgment interest under § 1961 is mandatory and applies to actions to confirm arbitration awards."); *Mason Tenders Dist. Council of Greater N.Y. & Long Island v. Circle Interior Demolition, Inc.*, No. 07-cv-11227, 2009 WL 5061744, at *6 (S.D.N.Y. Dec. 22, 2009) (collecting cases demonstrating that "courts in the Second Circuit have consistently granted interest that commences on the date of the arbitration award").

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 19, 2026